■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALON M. VAILES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 9, 1986, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Collins, J.H.O.), after a hearing, of that branch of the defendant's motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Initially, the police officers had sufficient "reasonable suspicion" that criminal activity was afoot when they pulled over the car in which the defendant was a passenger. The officers had reason to believe that two persons sought for arrest on burglary charges may have been in the car *(see, People v Landy,* 59 NY2d 369; *People v Singleton,* 41 NY2d 402; *People v Finlayson,* 76 AD2d 670, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931). Once the car was stopped, the officers properly requested identification from the driver Williams, who had been linked to other crimes *(see, People v De Bour,* 40 NY2d 210). Without a request to do so, Williams exited the car and then the defendant inexplicably also attempted to do so. Officer Owens's protective reaction to the defendant's sudden and unexplained movement, which resulted in the discovery of the gun, was proper *(see, People v Benjamin,* 51 NY2d 267). Finally, the defendant's contention that his sentence was excessive is without merit. Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.